IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CORY D. CLINE,

                  Plaintiff,

      v.                               CASE NO. 20-3136-SAC

KANSAS CITY, KANSAS
POLICE DEPARTMENT, et al.,

                  Defendants.

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983.  Mr. Cline proceeds *pro se* and *in forma pauperis*.  Plaintiff challenges the legality of the search that produced the evidence upon which his pending prosecution in the Wyandotte County District Court is based.  Plaintiff seeks relief in the form of $10,000 from each individual defendant, $500,000 in punitive damages from the Police Department, and $1,200 for each day he is imprisoned.

On October 30, 2020, the Court entered a Memorandum and Order to Show Cause (ECF No. 6) ("MOSC") ordering Plaintiff to show cause by November 30, 2020, why this matter should not be dismissed due to the deficiencies set forth.  Plaintiff filed a timely response, along with four motions.

The MOSC explained that because Mr. Cline's claim of illegal search and seizure would require this Court's intervention in a pending criminal prosecution in state court, the *Younger* abstention doctrine applies.  *See Younger v. Harris,* 401 U.S. 37, 45 (1971).  Plaintiff offers no credible basis for avoiding the application of the abstention doctrine.  While he claims "[o]fficers

1

and magistrates are already working together to maliciously prosecute me in state court" and states

he believes his own attorney "has entered into a conspiracy to plea [him] out" (ECF No. 9, at 2),

he does not provide any evidence to support his claims.  In his response and amended response,

Plaintiff continues to argue the warrant was illegal and the evidence seized should be excluded.

The state court affords an adequate forum to hear these claims.

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for

the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified*

*Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).  However, because monetary relief is

not available to Plaintiff in his defense of criminal charges, the Court will stay rather than dismiss

Plaintiff's claim.  *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v.*

*Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing

district court to stay claim for damages).  The Court will stay this case and administratively close

it until the state court criminal proceeding reaches a final conclusion.

Also before the Court is Plaintiff's motion for default judgment (ECF No. 7).  Plaintiff asks

for a default judgment to be entered against the defendants because they have not answered the

complaint.  The motion is denied because Defendants have not been served and are therefore not

required to answer the complaint.  As explained in the MOSC, cases filed by prisoners against

government officials must be screened by the Court before being allowed to proceed.  *See* 28

U.S.C. § 1915A(a).

Plaintiff has also filed a motion to supplement his complaint (ECF No. 10) and a motion to

amend his response to the show cause order (ECF No. 11).  In both cases, he wishes to add a copy

of the search warrant and supporting affidavit for the search he challenges.  In addition, he provides

2

a revised response to the MOSC.  These motions are granted, and the Court has considered the supplemental materials.

Last, Plaintiff has filed a motion to appoint counsel (ECF No. 8).  He states that assistance is necessary given the complex nature of this matter.  The Court has considered Plaintiff's motion.  There is no constitutional right to appointment of counsel in a civil case.  *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).  The decision whether to appoint counsel in a civil matter lies in the discretion of the district court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case."  *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."  *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).  The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not overly complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  Moreover, the Court is staying this matter as explained above.  Consequently, the Court denies the motion.

**IT IS THEREFORE ORDERED** that this case is **stayed** and administratively closed pending resolution of Plaintiff's state criminal proceedings.  When the state court proceedings reach a final conclusion, Plaintiff shall notify the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for default judgment (ECF No. 7) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 8) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to supplement complaint (ECF No. 10) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend response to order to show cause (ECF No. 11) is **granted**.

**IT IS SO ORDERED.**

**DATED:  This 7th day of December, 2020, at Topeka, Kansas.**

s/_Sam A. Crow_____
**SAM A. CROW**
**U.S. Senior District Judge**