IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CORY D. CLINE,

                    Plaintiff,

      v.                                        CASE NO. 20-3136-SAC

KANSAS CITY, KANSAS
POLICE DEPARTMENT, et al.,

                    Defendants.

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Mr. Cline proceeds *pro se* and *in forma pauperis*.

On December 7, 2020, the Court entered a Memorandum and Order (ECF No. 12) staying and administratively closing this case until Plaintiff notified the Court that the state criminal proceeding forming the basis of this case had been resolved. Before the Court is a motion filed by Plaintiff (ECF No. 14). Plaintiff represents that the state charge has been dismissed and asks the Court to reopen this action. Plaintiff also asks the Court for leave to file an amended Complaint.

The motion is granted to the extent the case is reopened and the stay is lifted. Leave of Court is not required for Plaintiff to file an amended Complaint, as this would be Plaintiff's first amended complaint. Fed. R. Civ. P. 15(a)(1). Plaintiff is reminded that an amended complaint completely supersedes the original Complaint and will be screened by the Court pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2).

Also before the Court is Plaintiff's Motion to Appoint Counsel (ECF No. 15). This is Plaintiff's second motion requesting the appointment of counsel. The Court has considered Plaintiff's renewed motion. As Plaintiff is aware, there is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not overly complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Consequently, the Court denies the motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Amend Complaint (ECF No. 14) is **granted**. The clerk is directed to reopen this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 15) is **denied**.

**IT IS SO ORDERED.**

**DATED:  This 22nd day of June, 2021, at Topeka, Kansas.**

                                **s/ Sam A. Crow**
                                **SAM A. CROW**
                                **U.S. Senior District Judge**