IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CORY D. CLINE,

                            Plaintiff,

        v.                                              CASE NO. 20-3136-SAC

KANSAS CITY, KANSAS
POLICE DEPARTMENT, et al.,

                            Defendants.

## MEMORANDUM AND ORDER

This matter is a civil rights action.  When it was filed, Plaintiff was being detained at the Wyandotte County Adult Detention Center.  By order dated October 30, 2020 (Doc. 6; "MOSC"), the Court directed Plaintiff to show cause why his Complaint should not be dismissed pursuant to the *Younger* abstention doctrine.  Plaintiff filed a response to the MOSC, and the Court issued an order staying and administratively closing the case pending resolution of the state criminal proceedings upon which Plaintiff's claims are based (Doc. 12).  Plaintiff notified the Court that the state charges against him had been dismissed, and the Court ordered the case reopened on June 22, 2021 (Doc. 16).  Before the Court for screening is Plaintiff's Amended Complaint (Doc. 20) filed on December 15, 2021.

### I.        Nature of the Matter before the Court

Plaintiff's Amended Complaint asserts violation of his right to be free from illegal search and seizure under the Fourth Amendment and malicious prosecution.  Plaintiff alleges that Eric Ibanez, Officer with the Kansas City, Kansas Police Department (KCKPD), knowingly and

1

maliciously lied in an affidavit in support of a search warrant when he said officers had conducted a controlled buy.  According to Plaintiff, this false statement was used to invade his cousin's home with Plaintiff present and subject Plaintiff to the traumatic experience of a raid by special operations units of the KCKPD.  Plaintiff further claims the seizure of cell phones during the search exceeded the scope of the warrant.   In addition, Plaintiff claims the judge who signed off on the warrant should have known there was no controlled buy and thus no probable cause for the search.

Plaintiff names the KCKPD, Eric Ibanez, the unknown judge who signed the search warrant, and Wyandotte County, Kansas as defendants. He requests relief in the form of $5 million from each defendant.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  "Prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).  Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency.  *See* 28 U.S.C. § 1915(e)(2).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

"Our Circuit has explained that 'a plaintiff who claims that the government unconstitutionally imprisoned him has at least two potential constitutional claims.'" *McKnight v. City of Topeka, Kan.*, No. 19-2353-DDC-GEB, 2020 WL 1320724, at *4 (D. Kan. March 20, 2020) (citing *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008)). "One claim arises under the Fourth Amendment, and the other claim arises under the Fourteenth Amendment's Due Process Clause." *Id*. (citing *Mondragón*, 519 F.3d at 1082). The Tenth Circuit describes the difference between the two claims as follows:

> If [plaintiff] has been imprisoned without legal process he has a claim under the Fourth Amendment analogous to a tort claim for false arrest or false imprisonment. If [plaintiff] has been imprisoned pursuant to legal but wrongful process, he has a claim under the procedural component of the Fourteenth Amendment's Due Process Clause analogous to a tort claim for malicious prosecution.

4

*Id.* (quoting *Mondragón*, 519 F.3d at 1082).

The Fourth Amendment is violated "if police knowingly or with reckless disregard included false statements in affidavits that formed the basis for the issuance of warrants." *Pierce v. Gilchrist*, 359 F.3d 1279, 1289 (10th Cir. 2004). Plaintiff alleges that Defendant Ibanez knowingly and maliciously made at least one false statement in the affidavit supporting the search warrant, the execution of which resulted in his arrest.

To state a claim for malicious prosecution, a plaintiff must allege sufficient facts from which the following may be plausibly inferred: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages. *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008); *see also Twombly*, 550 U.S. at 555-556.

Here, Plaintiff alleges that Defendant Ibanez's false statement was made with malice and meant that there was no probable cause for the search. Plaintiff represents that the charges against him were ultimately dismissed, meaning the original action terminated in his favor, and Plaintiff claims he sustained damages. Plaintiff has sufficiently stated a claim against Defendant Ibanez to survive preliminary screening pursuant to 28 U.S.C. § 1915(e)(2).

As for the state court judge that Plaintiff names as a defendant, the Court finds the John Doe judge is entitled to immunity. Plaintiff claims Defendant Doe should have known that Defendant Ibanez's claim that there was a controlled buy was false because the "elements it takes to accomplish one" were not mentioned in the affidavit. Plaintiff further argues Defendant Doe was wrong to find probable cause to issue the search warrant. This is precisely the type of judicial act that is protected by the doctrine of judicial immunity. The Supreme Court has said that it is "a

general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (quoting *Bradley v. Fisher*, 20 L. Ed. 646 (1872)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356. Plaintiff's allegations regarding Defendant Doe fall squarely within judicial immunity. Defendant Doe is subject to dismissal from this action.

Plaintiff also names Wyandotte County, Kansas as a defendant. A county may be held liable under § 1983 only for its own unconstitutional or illegal policies and not for unlawful actions of its employees. *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). To impose § 1983 liability on the county and its officials for acts taken by its employee, Plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *see Monell*, 436 U.S. at 695). The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989). Plaintiff alleges that there is a pattern of KCKPD officers lying to obtain search warrants, failing to return warrants, and neglecting to provide persons from whom items are seized with duplicate copies of warrants, as well as a pattern of Wyandotte County judges authorizing search warrants without probable cause. The Court declines to dismiss Wyandotte County at this preliminary screening stage.

Lastly, Plaintiff names the KCKPD as a defendant.  A police department is not a suable entity under § 1983 because it has no legal identity apart from the city.  *See, e.g., Ketchum v. Albuquerque Police Dep't.*, 958 F.2d 381, 1992 WL 51481, at *2 (10th Cir. Mar. 12, 1992); *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that the City of Denver Police Department is not a suable entity).  The KCKPD is subject to dismissal.

## IV.  Conclusion

For the reasons stated herein, the Court finds that this action may proceed against Defendants Ibanez and Wyandotte County, Kansas.  The KCKPD and Defendant Doe are dismissed.

**IT IS THEREFORE ORDERED** that the Kansas City, Kansas Police Department and John Doe, Judge, are dismissed from this action.

**IT IS SO ORDERED.**

**DATED:  This 14th day of February, 2022, at Topeka, Kansas.**


**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**