In the United States District Court for the District of Kansas

Cory D Cline,
Plaintiff,

v.

Kansas City, Ks.
Police Dept. et, al.
Defendants

Case No. 5:20-CV-03136-TC-TJJ

FILED
U.S. District Court
District of Kansas

NOV 07 2022

Clerk, U.S. District Court
By _____ Deputy Clerk

Supplement to the Response to Motion to Dismiss

## Introduction

"The Affidavit in support of probable cause, must bear the countenance of truth which is so infallible, that either an action for damages or a criminal charge of perjury may be legally predicated thereof it such statement is untrue (Exparte Burford (1806), 3 Cranch 448, 2L. Ed. 495; Veeder v. United States, supra; State v. Quartier (1925), 114 Or. 657, 236 P. 746).

## Material Facts in Dispute

1. A search warrant was not obtained before a 1/30/20 "warrantless search and seizure" at 604½ Lowell Ave, K.C.K, making the search and seizure illegal(Doc. 4, pg 2 p. 1 in federal case no. 22CV-4010-TC-TJJ), (and Doc. 22 the second entry)(Doc. 3 pg 53 p 2 in 22-CV-4009-TC-TJJ).

2. Contrary to the affidavit in support of a search warrant in Kansas criminal case 20CR-129, that states Marlor Fields was interviewed, and where the interview was reported

(1)

to have been captured by audio/video; this did not occur (Doc. 3 pg. 48 p2 in Case #22-4009-TC-TJJ).

3. Eric Ibanez misrepresents in the Inventory and Receipt by stating "No one being present, I left a copy of this warrant...", when I was present, yet denied access to these documents illegally (Doc. 39 pg 5. p1), after the breach.

## Arguement and Authority

1. Officer Ibanez is not entitled to Qualified Immunity on any of the Plaintiff's claims.

A. Counts I and IV (claims regarding the affidavit)

Regarding both Affidavits (arrest and search), the doctrine established in Franks v. Deleware applies. Affiants seeking search warrants violate the Fourth Amendment when they knowingly, or with recliless disregard for the truth, include false statements in supporting the affidavit or omit information which, if included, would prevent the warrant from lawfully issuing (Franks V. Deleware, 171, 98 S. Ct. 2674. The false statement in the affidavit (Doc. 20, pg 23 p2) was material to the probable cause finding, and Ibanez showed a degree of recklessness, while also showing that he doubted the truth of the information included in his affidavit by denying the occupants of the home during the search access to inspect the search warrant and affidavit (Case #22-CV-4009-TC-TJJ Doc. 3 pg 53 p2).

(2)

Ibanez violated clearly established law.

Officer Ibanez does not enjoy qualified immunity in this civil suit redressing the Fourt and Fourteenth Amendment violations. In Pierce vs. Gilchrist, 359 F.3d 1279, 1289 (10th Cir. 2000) it was clearly established that the 4th Amendment is violated "if police knowingly or with reckless disregard include false statements in affidavits that formed the basis for the issuance of warrants."

"Copy and Paste" type of clerical error. On page 9, last paragraph of Casey Meyers Doc. 39  in Case No. 20-3136-TC-TJJ) states "While Defendant agrees there were no facts indicating that a "controlled purchase" occurred at the residence prior to the affidavit being created, it appears to be consistent with a "copy and paste" type of clerical error rather than an intentional or malicious act..."

While considering this attempt to justify Ibanez's statement my immediate thought is why doesn't Ibanez offer an explanation why he made the statment. Why does it appear to the Plaintiff that the question was never discussed?

Materiality

(3)

Applying Franks

The Officer Defendants in their Doc. 42 in Case No. 22-CV-4009-JAR-TJJ referenced the Frank's statements that should be removed, on pg 9 p.3.

The third paragraph states:

"Search Warrant Affidavit: Plaintiff alleges that a fact included in the affidavit: Amanda Howard sold drugs to Marlon Fields, was false. (Doc. 3-4, ¶9)" Further, it appears that Plaintiff argues that the interview with Marlon Fields did not occur.

As stated by the Plaintiff in the Doc. 47 on pg 2 last paragraph, in case 22-CV-4010-JAR-TJJ these statements should be removed: ① He identified the residence where he got the Meth from as being the house we just watched him leave from (604½ Lowell) (Doc. 20 pg 2, ¶4) In this response to the Motion to Dismiss in Cline Vs. Russo, pg. 2 last paragraph, Doc. 47, the plaintiff additionally provides the "supporting reason" the statement should be removed. ② "He has bought from the residence approximately 7 times and this has occurred over a period since December, 2019", should be removed, then the "Response provides the supporting reason for the removal of this statement" Cline vs.

(4)

Russo, (Doc 47 pg. 8 p1

③ He knows the seller as a white female by the name of Amanda (ID). Also listed was a ~~supporting~~ reason. Additionally Marlon Fields's interview did not occur, Cline vs. Seal, pg 9 last paragraph, so it should be removed.
Doc 47

After removing the specific statements of Amanda Howard and Marlon Fields as prescribed from the Affidavit in support of the search warrant, sufficient probable cause can not be found.

Arrest Warrant Affidavit succumbs to the same exact reason the Affidavit in support of a search warrant ~~does~~ no longer supported probable cause. The affidavits were created from the same series of facts, primarily. Seal will not enjoy immunity in this matter.

Mr. Meyers maybe misunderstands that the statute K.S.A 22-2512(a) was not implemented according to the law. Although I was able to obtain these documents eventually, "The officer seizing property did not give a receipt to me." I did not get a copy of the receipt, search warrant, or affidavit for about a ~~year~~ a month, and only due to following up and asking a great amount of questions. The officer who seized the property and did not even give me a receipt or copy according to Kansas state statute was Eric I bore in the Wyco criminal case 20CRR9.

(5)

Monell

Casey Meyers states that my Monell claim in this case is directed towards "the issuing judge of the search warrant." But Sam A. Crow, in his M+O, on 2/14/22, in this (Doc. 25) case states on page 6, p 2, "Plaintiff alleges that there is a pattern of K.C.K. P.D officers lying to obtain search warrants, etc." And sufficient facts were produced and plead so that the Court declined to dismiss Wyandotte County and my Monell claim.

## Conclusion

For all of the above arguments, the Plaintiff asks the Court to allow a jury to decide the material facts in dispute, and redress the Constitutional violations that caused the plaintiffs injuries.

## Certificate of Service

I certify that on November 4th 2022, that a copy of said motion was mailed to Timothy Obrien clerk. Casey Meyers D.A.

Cory D. Chri
Submitted by

(6)