**In the United States District Court
for the District of Kansas**

———————

Case No. 20-cv-03136-TC

———————

CORY D. CLINE,

*Plaintiff*

v.

ERIC IBANEZ, ET AL.,

*Defendants*

———————

**MEMORANDUM AND ORDER**

Cory D. Cline filed this action against the Kansas City Kansas Police Department, Officer Eric Ibanez, an unknown judge, and Wyandotte County, Kansas. Cline's complaint was screened under 28 U.S.C. § 1915(A)(a) and the KCKPD and unknown judge were dismissed from the action. Doc. 25. Cline alleges that the remaining defendants—Ibanez and Wyandotte County—violated his Fourth, Sixth, and Fourteenth Amendment rights. Doc. 20. Defendants move to dismiss Cline's amended complaint for failure to state a claim. Doc. 39. For the following reasons, Defendants' motion is granted.

**I**

**A**

Cline asserts all of his claims—whether based in the Constitution or state law—under 42 U.S.C. § 1983. Doc. 20 at 4. Defendants move to dismiss Cline's claims for failure to state a violation of his clearly established constitutional rights.

**1.** To survive a motion to dismiss for failure to state a claim, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" from each named defendant. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

1

The Tenth Circuit has summarized two "working principles" that underlie this standard. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, the Court ignores legal conclusions, labels, and any formulaic recitation of the elements. *Kan. Penn Gaming*, 656 F.3d at 1214. Second, the Court accepts as true all remaining allegations and logical inferences and asks whether the claimant has alleged facts that make his or her claim plausible. *Id.*

A claim need not be probable to be considered plausible. *Iqbal*, 556 U.S. at 678. But the facts viewed in the light most favorable to the claimant must move the claim from merely conceivable to actually plausible. *Id.* at 678–80. The "mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis original).

Plausibility is context specific. The requisite showing depends on the claims alleged, and the inquiry usually starts with determining what the plaintiff must prove at trial. *See Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020). The nature and complexity of the claim(s) define what plaintiffs must plead. *Cf. Robbins v. Oklahoma*, 519 F.3d 1242, 1248–49 (10th Cir. 2008) (comparing the factual allegations required to show a plausible personal injury claim versus a plausible constitutional violation).

Ordinarily, a motion to dismiss is decided on the basis of the pleadings alone. But "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (citation and internal quotation marks omitted).

**2.** Cline is proceeding pro se, which requires a generous construction of his pleadings. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). That generosity means a court should overlook the failure to properly cite legal authority, confusion of various legal theories, and apparent unfamiliarity with pleading requirements. *Id.* But it does not permit construction of legal theories on a plaintiff's behalf or assumption of facts not pled. *See id.*; *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**B**

**1.** Ibanez sought and obtained a search warrant for a Kansas City, Kansas residence. Doc. 20 at 21–24, 28. Officers, including Ibanez, executed the warrant and seized methamphetamine, marijuana, drug paraphanelia, and a cell phone. *Id.* at 27, 29. In the course of excecuting the warrant, officers arrested Cline and two others. *Id.* at 29–30.

Cline was charged with methamphetamine possession in Kansas state court. Doc. 6 at 1. Before the state case concluded, he filed this federal civil action seeking "his release from custody," among other things. *Id.* This implicated a legal doctrine that generally prevents a federal court from entertaining a suit for alleged constitutional violations arising from the same facts as an ongoing state criminal proceeding. *See Younger v. Harris* 401 U.S. 37, 45 (1971); Doc. 6 at 4 (citation omitted). Because Cline's "assertions [were] insufficient to trigger any of the *Younger* exceptions," Doc. 6 at 4, this case was stayed and administratively closed pending resolution of Cline's state charges, Doc. 12. When Cline's state charges were dismissed, the case was reopened. Doc. 16.

Cline makes three specific claims. In Counts I and III, he alleges that Ibanez's probable cause affidavit contained materially false statements, Doc. 20 at 9, and that officers unlawfully seized his cell phone without warrant authorization, *id.* at 7, 15. Those actions, he says, violated his rights under the Fourth Amendment, Sixth Amendment, and various state statutes. Doc. 20 at 11–14, 17–18; Doc. 24. In Count II, Cline further alleges that Wyandotte County had a custom or policy of violating the Fourth Amendment and state law, making it liable under *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978). Doc. 20 at 17–18. The remaining defendants, Wyandotte County and Ibanez, move to dismiss. Doc. 39.

**2.** Cline appears to have filed three other cases concerning this search. One, *Cline v. Kansas*, was filed in January 2021, while this case was stayed. It is unclear why he filed that suit while this one was stayed. *Cline v. Kansas*, No. 21-3003-SAC, 2022 WL 43343, at *1 (D. Kan. Jan. 5, 2022) (dismissing arguments "about the legality of the search, the search warrant, the supporting affidavit, and the state charges against [Cline]" for failure to state a claim). But he did it again—twice more, in fact—after this case was reopened. *Cline v. Russo*, No. 22-CV-4010-JAR-TJJ, 2023 WL 2375107, at *2 (D. Kan. Mar. 6, 2023) (dismissing claims "for unreasonable search and seizure in violation of the Fourth Amendment and Fourteenth Amendment,

3

malicious prosecution, discovery abuses and *Brady* violations…and an 'intracorporate conspiracy.'"); *Cline v. Seal*, No. 22-CV-4009-JAR-TJJ, 2023 WL 2375108, at *3 (D. Kan. Mar. 6, 2023) (dismissing state law claims and federal claims "for unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments, inclusion of false evidence or the fabrication of a search warrant, exclusion of exculpatory evidence…malicious prosecution, and failure to train or prevent false search warrants").

All three cases overlap with this one, but *Cline v. Seal* is the most analogous. In that case, Cline sued sixteen KCKPD officers, including Ibanez, the KCKPD, Wyandotte County, and a Wyandotte county judge. *Seal*, 2023 WL 2375108, at *2. He alleged that Ibanez fabricated a search warrant and probable cause affidavit. *Id.* And he claimed that "Wyandotte County fail[ed] to train and prevent the counterfeiting and falsifying of search warrants, affidavits, and return warrants." *Id.* at *3.

The claims in *Seal* were dismissed. 2023 WL 2375108, at *12. As to Ibanez, the Order dismissing the claims rejected the Fourth Amendment claim because Cline failed "to allege facts demonstrating that…the search warrant affidavit would not provide probable cause to search the residence." *Id.* at *7–8. Regarding Wyandotte County, the Order concluded that Cline did not "include specific allegations as to how any policy or omission caused a constitutional violation." *Id.* at *11. Without specific allegations, his "*Monell* claims against Wyandotte County fail[ed]" and were dismissed. *Id.*

**3.** Judge Crow screened this case pursuant to 28 U.S.C. § 1915A. Doc. 25. After that screening, the claims against Ibanez and Wyandotte County remained. *Id.* at 5-7. Both defendants moved to dismiss, Doc. 39, and Cline filed a handwritten response, Doc. 45.

## II

All of the claims in this suit have been or should have been raised in Cline's prior cases. As a result, the remaining defendants' motion to dismiss is granted.

Claim preclusion is an affirmative defense, which, as a general rule, courts may not ordinarily consider sua sponte. But doing so sua sponte "might be appropriate in special circumstances." *Arizona v. California*, 530 U.S. 392, 412 (2000). "One example of 'special circumstances' is where 'a court is on notice that it has previously decided

4

the issue presented.'" *Grays v. Auto Mart USA, LLC*, No. 21-1312, 2022 WL 2763096, at *6 (10th Cir. July 15, 2022) (quoting *Arizona*, 530 U.S. at 412). Such special circumstances exist here. As noted above, the Fourth Amendment and municipal liability issues presented herein were resolved by, among others, a decision from Judge Robinson in *Cline v. Seal*. No. 22-CV-4009-JAR-TJJ, 2023 WL 2375108, at *2 (D. Kan. Mar. 6, 2023).

A prior adjudication has claim preclusive effect if there was "(1) a final judgment on the merits in [that] action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1271 (10th Cir. 2022) (citation and internal quotation marks omitted). The Tenth Circuit follows the "transactional approach" to the question whether claims are identical across cases. Under that approach, claims and legal theories are identical when they "arise from the same transaction, event, or occurrence." *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997) (citations omitted). Claims and legal theories based on a common transaction must "be presented in one suit or be barred from subsequent litigation." *Id.*

Claim preclusion prevents Cline from relitigating Counts I, II, and III in this action, because each count makes arguments that Cline raised and lost in *Seal*. 2023 WL 2375108 at *12. And although he relies on the Sixth Amendment for the first time in this action, it arises from the same facts as *Seal*. Since he did not raise the Sixth Amendment issue then, it is precluded now.

Start with Count I, which challenges the veracity of Ibanez's statements in the probable cause affidavit. Doc. 20 at 9–10. Cline argues that Ibanez's statements violated the Fourth Amendment because they were materially false, and the Sixth Amendment because they were used to support a criminal case against him. *Id.*; Doc. 24 at 1. He unsuccessfully challenged the same probable cause affidavit in *Seal*. 2023 WL 2375108, at *5, *7. Since Cline named Ibanez as a defendant in *Seal*, and that case reached a final judgment on the merits, *id.* at *12, Count I is precluded. *See Strickland v. City of Albuquerque*, 130 F.3d 1408, 1412 (10th Cir. 1997) (finding claim preclusive effect because "[e]ven where a single act causes a number of different harms or gives rise to liability under a number of different legal theories, there is ordinarily only one transaction"); *Seal*, 2023 WL 2375108, at *4 (finding that "Plaintiff's claims against Judge Martinez are also barred by res judicata").

5

So too with Count III. It asserts that Ibanez exceeded the bounds of his authority under the warrant when he seized Cline's cell phone. *See* Doc. 20 at 7, 15. Doing so, Cline argues, violated the Fourth and Fourteenth Amendments, along with state law. This claim arises "from the same transaction, event, or occurrence" as was at issue in *Seal*. *Nwosun*, 124 F.3d at 1257. In *Seal*, Cline "assert[ed] a violation of his Fourth Amendment rights" and "allege[d] that a warrantless search occurred." *Seal*, 2023 WL 2375108, at *6. Cline was required to bring all claims arising out of that alleged warrantless search, including any objection to the cell phone seizure, in "one suit." *Nwosun*, 124 F.3d at 1257. He did not, so Count III is barred.

What remains of Count II expands Cline's *Monell* allegations.[1] Together, Count II and the *Monell* discussion charge Wyandotte County with a custom or policy that violates the Fourth Amendment. Cline argues that Wyandotte County has a "custom or policy of…judge(s) issuing/authorizing search warrants without probable cause" and "use of perjury in affidavits," among other things. Doc. 20 at 17. These claims are precluded because they were, or should have been, raised in Cline's other cases. In *Seal*, Cline argued "that Wyandotte County fails to train its officers on how to provide a copy of a search warrant, how to execute a search warrant, and that they must not falsify search warrants and reports." 2023 WL 2375108, at *11. Cline's arguments in this case overlap significantly with the ones he made in *Seal*, target the same defendant, and arise from the same transaction or occurrence. *Id.* at 11–14, 17–18. In other words, they meet the requirements for claim preclusion, so Cline's *Monell* allegations are barred. *See Nwosun*, 124 F.3d at 1257.

---

[1] Defendants treat Cline's *Monell* discussion as a claim distinct from Count II. Doc. 39 at 4. But Count II only alleges wrongdoing on the part of a Wyandotte County judge who was dismissed from the action. Doc. 25. And Cline's discussion of *Monell* is not styled as an independent claim. To the extent that Count II remains after the John Doe judge was dismissed, *id.*, it seems Cline intends to impose liability on Wyandotte County for having an unconstitutional policy that causes or permits state court judges to violate individuals' rights. It seems unlikely that such a claim, even if it were not precluded, would be viable. *See, e.g.*, *McMillian v. Monroe County*, 520 U.S. 781, 793 (1997) (no county liability for acts of state official); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (lack of underlying constitutional violation precludes municipal liability).

Counts I, II, and III also allege that Wyandotte County and Ibanez violated state law.[2] These arguments are precluded because, like Cline's other claims, they rest on the same factual allegations as *Cline v. Seal*.

First, Cline asserts that Ibanez's statements in the probable cause affidavit violated K.S.A. § 44-1039, which creates criminal liability for perjury. Doc. 20 at 6. Cline did not make this argument in *Seal*, but it rests on the same factual allegations as his Fourth Amendment claims in that case. Since he could have raised Section 44-1039 in *Seal*, but did not, he cannot raise it in this case.

The same is true for K.S.A. § 22-2506, a criminal procedure provision applicable in Kansas state court. *See* Kan. Stat. Ann. § 22-2102. It tells officers when and to whom they must provide duplicates of a search warrant. Cline already litigated this issue in *Seal*. *Seal*, 2023 WL 2375108 at 10 ("[F]ailure to provide a copy of the search warrant may be a technical irregularity, but the failure to do so does not affect the substantial rights of the accused."). His allegations in this case are substantially the same. Both state law claims, then, are precluded.

### III

For the foregoing reasons, Defendants' Motion to Dismiss, Doc. 39, is GRANTED.

It is so ordered.

Date: September 22, 2023          s/ Toby Crouse
                                  Toby Crouse
                                  United States District Judge

---

[2] Even if not precluded, no liability would exist. A violation of state law does not itself support Section 1983 liability. *See, e.g.*, *Eidson v. Owens*, 515 F.3d 1139, 1148 (10th Cir. 2008). Instead, only violations of the Constitution and laws of the United States are actionable. *See Health & Hosp. Corp. of Marion Cnty. v. Talevski*, 599 U.S. 166 (2023); *accord West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States.").